IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ANNIE HOWELL

      Plaintiff,

VS.                                                                                       CV 07-PT-186-M

MORRISON MANAGEMENT
SPECIALISTS, INC.

      Defendant.

## MEMORANDUM OPINION

The court writes this opinion to further elaborate on its reasons for not submitting the issue of punitive damages to the jury.

The court does not reach the issue of whether the evidence is sufficient to establish malice or reckless indifference by Andy Carmichael. One view of the evidence might be that the defendant through Carmichael was attempting to aid the plaintiff by helping her improve her performance. Carmichael was a relatively new supervisor who had noted problems with plaintiff's performance before she ever made a complaint of discrimination. The plaintiff had never pursued available internal avenues to have any grievance considered at a different level. While the court submitted issues of adverse action to the jury, the evidence *may* be insufficient to support a punitive damage claim based on the lack of evidence of malice or reckless indifference. The court did not, however, decide the submission issue on this basis.

The court's decision not to submit the issue of punitive damages to the jury was based on the following:

The case of *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269 (11th Cir. 2002) was decided after *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999). *Miller* states, "We have held

that 'punitive damages will ordinarily not be assessed against employers with only constructive knowledge' of harassment; rather punitive damages may only be considered in cases where the 'discriminating employee *high up the corporate hierarchy*' or where '*higher management* countenanced or approved [this] behavior.'"  (Emphasis added). . . . "Finally, the Supreme Court has held that employers may assert a good faith defense to vicarious liability for punitive damages where the 'employment decisions of managerial agents .... are contrary to the employer's good-faith efforts to comply with Title VII.'" (citing *Kolstad*).

It is clear that Carmichael was not in the corporate hierarchy.  He was a manager/director of an operation with 45 employees.  As the court recalls the evidence, the defendant has some 300,000 employees world-wide; it has some forty divisions relative to the food service operations.  Carmichael supervised an operation in one small city hospital operation.  There is no evidence that he set any corporate policy.  The fact that he had the usual discussions with other corporate departments after an EEOC charge was filed does not create any reasonable inference that he acted in concert with or conspired with any such departments which were charged with responsibilities in responding to such charges.  There is certainly no reasonable inference that they had a retaliatory motive with regard to any actions of Carmichael.  Company policy and company seminars were designed to cause compliance with Title VII.  The parties may have different or additional views.

This the 17th day of December, 2009.

_____
　　　　　　　　ROBERT B. PROPST
　　　SENIOR UNITED STATES DISTRICT JUDGE